**STATE of Minnesota, Respondent,**

v.

**David R. WOLFE, Appellant.**

No. C3–84–1524.

Court of Appeals of Minnesota.

April 9, 1985.

Daniel P. Taber, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief Appellate Division, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

### OPINION

POPOVICH, Chief Judge.

Appellant appeals his conviction for knowingly filing a false tax statement in violation of Minn.Stat. § 609.41 (1982). Appellant claims he was entitled to claim a homestead credit on his property and that he did not knowingly make any false statements. We affirm.

## FACTS

Appellant David Wolfe was convicted of making a false tax statement in connection with his 1983 homestead application for property located in Minneapolis. The property, a single family home, was purchased by the Wolfes on December 26, 1980 and occupied by them until January 1, 1981, when the home was damaged by fire.

When the home was ready for reoccupancy in October 1982, the Wolfes were leasing an apartment in Minneapolis. The Wolfes decided to rent their home until their apartment lease expired. The Wolfe's home was rented, and the tenant occupied the house from November 1, 1982 to May 1, 1983. In January 1983, appellant signed and returned a homestead application to the Minneapolis City Assessor declaring that on January 2, 1983, he owned and occupied the home as his homestead. The back of the homestead application card stated:

> HOMESTEAD DECLARATION SHOULD NOT BE FILED FOR PROPERTY THAT IS RENTED AND NOT OCCUPIED BY THE OWNER. STATUS AS OF JAN 2nd CONTROLS CLASSIFICATION OF PROPERTY.

The case was presented by written argument of counsel. The trial court found appellant falsely stated he owned and occupied the home on January 2, 1983 and that appellant knew the statement was false. Sentencing was stayed pending this appeal.

## ISSUES

1. Did appellant make a false statement on the 1983 homestead application?

2. Did appellant know the statement that he owned and occupied the home as of January 2, 1983 as a homestead was false?

## ANALYSIS

1. Minn.Stat. § 609.41 (1982) provides:

> Whoever, in making any statement, oral or written, which is required or authorized by law to be made as a basis of imposing, reducing, or abating any tax or assessment, intentionally makes any statement as to any material matter which he knows is false may be sentenced, unless otherwise provided by law, to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both.

*Id.*

■ 2. Appellant contends he did not make a false statement on the homestead application citing several cases dealing with homestead as a debt exemption. This position is erroneous because, for tax reduction purposes, the Attorney General has consistently declared that property no longer occupied by the owner and rented to a third party does not qualify for the homestead tax exemption.

> Mere temporary absence of the owner will not terminate his homestead rights, provided he maintains his living quarters upon the premises in condition for continued occupancy by himself or his family, showing his intention to return presently, and provided he does not establish another home elsewhere or otherwise manifest an intention to abandon the actual occupancy of the premises as his place of abode. However, if the owner moves and actually establishes his regular home elsewhere, he thereby terminates his homestead rights in his former home, for taxation purposes, even though he may intend to return there at some future time.

Op. Att'y Gen. No. 310 (1940); *see also* Op. Att'y Gen. No. 214 (1950); Op. Att'y Gen. No. 393 (1944); Op. Att'y Gen. No. 424 (1938). Appellant did not qualify for the homestead tax exemption because he did not occupy and was renting the property on January 2, 1983.

■ 3. The trial court also found appellant knew his statement that he owned and occupied the property as of January 2, 1983 was false. Appellant claims this finding was clearly erroneous.

Trial court "findings are entitled to the same weight as the verdict of a jury." If the court could reasonably have found

the defendant guilty, the verdict should not be reversed.

*State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct.App.1984) (citations omitted). The trial court in this matter had sufficient evidence to conclude appellant knew his homestead application was false. The homestead application itself clearly stated that a homestead application should not be filed if the "property was rented and not occupied by the owner."

4. Although we affirm appellant's conviction, we note (1) the State prosecuted only men even though women joint tenants also signed such homestead applications, (2) appellant may have overpaid taxes because the fire-damaged home was not properly reassessed after it was damaged, and (3) appellant did not file for a rent credit refund for his apartment because he did not believe he was entitled to both the rent credit and a homestead exemption.

### DECISION

Appellant's conviction for knowingly making a false tax statement in violation of Minn.Stat. § 609.41 (1982) was supported by the evidence.

Affirmed.